DISTRICT OF OREGON
**F I L E D**
December 20, 2024
Clerk, U.S. Bankruptcy Court

Below is an opinion of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>SEAN CHRISTOPHER CURLEY,<br><br>                  Debtor. | Bankruptcy Case No. 23-32604-pcm7 |
| ROBERT HARRIS,<br><br>                  Plaintiff,<br><br>    v.<br><br>SEAN CHRISTOPHER CURLEY,<br><br>                  Defendant. | Adv. Proc. No. 24-3008-pcm<br><br>MEMORANDUM DECISION[1] |

      This matter came before the court on the motion for summary judgment filed by Plaintiff-Creditor Robert G. Harris (Plaintiff), seeking a determination that the debt owed by Defendant-Debtor Sean Christopher Curley (Defendant) is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), and

---

[1] This disposition is specific to this case and is not intended for publication or to have a controlling effect on other cases. It may, however, be cited for whatever persuasive value it may have.

Page 1 – MEMORANDUM DECISION

(a)(6).[2]  The court reviewed the documents submitted and considered the parties' arguments.  For the reasons set forth below, the court will grant Plaintiff's motion for summary judgment.

## FACTUAL BACKGROUND

This proceeding arises from a money award entered by the Washington County Circuit Court for the State of Oregon (the State Court) against Defendant.  On March 1, 2022, Plaintiff filed a complaint against Defendant in the State Court, Case No. 22CV07299, asserting claims for conversion, unjust enrichment, financial abuse of a vulnerable person, fraud, and breach of contract.  Plaintiff's complaint alleged, in pertinent part, the following:

- "On or about January 4, 2020, Defendant borrowed $1,000,000.00 from Mr. Harris.  The loan was secured by a promissory note ("Note") and certain collateral identified therein, including seeds, biomass, and smokable flower."  ECF No. 18, Ex. 2 at pp. 1-2, ¶ 4.

- "Under the terms of the Note, Defendant agreed to repay Mr. Harris the entire $1,000,000.00 principal on or before June 1, 2020, with $750,000.00 interest thereon."  ECF No. 18, Ex. 2 at p. 2, ¶ 5.

- "However, Defendant did not repay the principal or any interest when those sums became due and has never made any payments toward the principal or any interest."  ECF No. 18, Ex. 2 at p. 2, ¶ 6.

- "Defendant failed to deliver access to any promised collateral."  ECF No. 18, Ex. 2 at p. 2, ¶ 7.

- "Defendant has already liquidated some of the collateral he identified to secure repayment."  ECF No. 18, Ex. 2 at p. 2, ¶ 8.

- "Defendant made false and material representations to Mr. Harris that he intended to repay Mr. Harris the full amount of the loan plus interest.  Defendant knew the representations were false and intended Mr. Harris to reply [sic] on that representation."  ECF No. 18, Ex. 2 at p. 3, ¶ 15.

- "Mr. Harris was ignorant of the representations' falsity, and Mr. Harris reasonably relied on that representation to his detriment."  ECF No. 18, Ex. 2 at p. 3, ¶ 16.

---

[2] Unless otherwise noted, all references to chapters and sections are to the Bankruptcy Code, 11 U.S.C. § 101, et. seq.

- "Mr. Harris was damaged as a proximate result of Defendant's false representations . . . ." ECF No. 18, Ex. 2 at p. 3, ¶ 17.

- "Instead of repaying Mr. Harris the principal and interest, Defendant intentionally converted the principal and interest owed to Mr. Harris." ECF No. 18, Ex. 2 at p. 4, ¶ 20.

- "Defendant also intentionally converted the property pledged to secure the debt owed to Mr. Harris pursuant to the Note." ECF No. 18, Ex. 2 at p. 4, ¶ 22.

- "Defendant wrongfully took $1,000,000 from Mr. Harris by persuading Mr. Harris of his intent to repay Mr. Harris the full amount plus interest." ECF No. 18, Ex. 2 at p. 6, ¶ 32.

On May 27, 2022, Plaintiff served his first Request for Production, which included 12 individual requests.[3] Defendant's response to Plaintiff's request was insufficient.[4] Plaintiff then moved to compel discovery and the State Court granted the motion on October 10, 2022.[5] The State Court's Order Compelling Production required Defendant to demonstrate a good faith effort to locate responsive records within seven business days and produce all nonprivileged documents responsive to Plaintiff's request for production within 30 days.[6]

Defendant failed to provide Plaintiff with the requested documents pursuant to the State Court's Order Compelling Production, and Plaintiff moved for sanctions.[7] On January 3, 2023, the State Court partially granted Plaintiff's motion after hearing and oral argument, striking a counterclaim asserted by

---

[3]   ECF No. 18, Ex. 4 at p. 2.

[4]   ECF No. 18, Ex. 4 at p. 2; ECF No. 3 at p. 3.

[5]   ECF No. 18, at p. 3; ECF No. 18, Ex. 5 at p. 1.

[6]   ECF No. 18, Ex. 5 at p. 1.

[7]   ECF No. 18, at p. 3.

Page 3 – MEMORANDUM DECISION

Defendant and awarding attorney fees and costs associated with the motion and hearing.[8] The State Court also ordered that Defendant's answer would be stricken and judgment entered in favor of Plaintiff on all claims for relief, with attorney fees, if Defendant failed to provide all available discovery to Plaintiff's attorney within 10 days or if Defendant failed to participate in the next scheduled deposition.[9]

Defendant failed to provide Plaintiff with the requested documents before expiration of the 10-day deadline, and Plaintiff moved for sanctions a second time, citing Defendant's willful noncompliance.[10] On May 30, 2023, after hearing and oral argument, the State Court granted Plaintiff's second motion for sanctions.[11] The State Court struck Defendant's answer and entered a General Judgment (the State Court Judgment), awarding Plaintiff relief on all claims.[12] The State Court Judgment provides, in relevant part, as follows:

- "The Court accepts the allegations in Plaintiff's complaint to support Plaintiff's claims;" ECF No. 18, Ex. 10 at p. 3, ¶ 8.

- "Because Defendant's answer has been stricken, Defendant is in default and has no defenses to Plaintiff's claims;" ECF No. 18, Ex. 10 at p. 2, ¶ 9.

- "The Court finds against Defendant and in favor of Plaintiff on Plaintiff's claim for fraud and awards Plaintiff damages in an amount of $1,750,000.00;" ECF No. 18, Ex. 10 at p. 2, ¶ 11.

- "The Court finds against Defendant and in favor of Plaintiff on Plaintiff's claim for conversion and awards Plaintiff damages in an amount of $1,750,000.00;" ECF No. 18, Ex. 10 at p. 2, ¶ 12.

---

[8]  ECF No. 18, Ex. 7.

[9]  ECF No. 18, Ex. 7.

[10]  ECF No. 18, Ex. 8 at p. 12.

[11]  ECF No. 18, Ex. 9.

[12]  ECF No. 18, Ex. 10, at p. 2.

- "The Court finds against Defendant and in favor of Plaintiff on Plaintiff's claim for financial abuse of a vulnerable person (ORS 124.110) and awards Plaintiff damages in an amount of $3,000,000.00;" ECF No. 18, Ex. 10 at p. 3, ¶ 14.

Based on these findings, the State Court entered a money award against Defendant in the amount of $3,000,000, an award of attorney fees, costs and disbursements of $1,739.61, a $345 prevailing party fee, $479,404.17 in pre-judgment interest, and post-judgment interest (the Money Award).[13]

Defendant appealed the State Court Judgment.[14] The appeal was stayed by the filing of Defendant's chapter 7 bankruptcy petition. Plaintiff filed a timely complaint to determine the dischargeability of the Money Award under § 523(a)(2)(A), (a)(4), and (a)(6), and for denial of discharge under § 727(a)(2) and (3), along with a request for associated fees and costs.[15]

Plaintiff moves for summary judgment on the claims arising under § 523, asserting that the State Court Judgment precludes relitigating the dischargeability issues in this adversary proceeding, and that the Money Award constitutes a nondischargeable debt for fraud, larceny, and willful and malicious injury under § 523(a)(2)(A), (a)(4), and (a)(6), respectively.

## JURISDICTION

The district court for the District of Oregon has jurisdiction over this case and proceedings arising in this case. 28 U.S.C. § 1334(a). The district court has referred to this bankruptcy court all cases under title 11 and all core proceedings arising under title 11. LR 2100-2(a)(1). This action to determine the dischargeability of debts is a core proceeding. 28 U.S.C. § 157(b).

---

[13] ECF No. 18, Ex. 10 at p. 5.

[14] ECF No. 18, at p. 5.

[15] ECF No. 1 at p. 1.

SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings and supplemental materials present no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c), made applicable by Fed. R. Bankr. P. 7056. Once the moving party shows the absence of an issue of material fact, the non-moving party must go beyond the pleadings and designate specific facts showing a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). A properly supported summary judgment motion cannot be defeated by the mere existence of some alleged factual dispute. Only disputes over facts that might affect the outcome of the lawsuit may defeat a summary judgment motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

ANALYSIS

Plaintiff argues that the Money Award should be excepted from discharge under § 523(a)(2)(A), (a)(4), and (a)(6) because the State Court Judgment precludes relitigating whether the Money Award is a debt for "fraud," "larceny," or "willful and malicious injury." Defendant argues that the State Court Judgment should not be afforded preclusive effect. The court agrees with Plaintiff.

1. Preclusive Effect of the State Court Judgment

A state court judgment may be given preclusive effect in federal court, 28 U.S.C. § 1738, and can be the basis for granting summary judgment in a dischargeability proceeding. Grogan v. Garner, 498 U.S. 279, 286 (1991). Oregon law determines the preclusive effect of the State Court Judgment in this proceeding. See Far Out Prods., Inc. v. Oskar, 247 F.3d 986, 993 (9th Cir. 2001) (federal court applies state law to determine preclusive effect of state court judgment).

In Oregon, issue preclusion prohibits relitigation of an issue of law or fact when that issue or fact has been determined by a valid and final judgment if the following five requirements are met:

Page 6 – MEMORANDUM DECISION

1. The issue in the two proceedings is identical.

2. The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.

3. The party sought to be precluded has had a full and fair opportunity to be heard on that issue.

4. The party sought to be precluded was a party or was in privity with a party to the prior proceeding.

5. The prior proceeding was the type of proceeding to which this court will give preclusive effect.

Nelson v. Emerald People's Util. Dist., 862 P.2d 1293, 1296–97 (Or. 1994) (internal citations omitted). Defendant argues that requirements two and three are not satisfied and also claims issue preclusion is unfair in these circumstances because the State Court's findings "were insufficient" and therefore cannot support Plaintiff's motion for summary judgment.[16] The court disagrees.

It is unclear whether Defendant disputes that the first requirement is satisfied. Out of an abundance of caution, and to the extent Defendant does dispute this first requirement, the court will now explain why that requirement is satisfied. Defendant clearly did not dispute that requirements four and five are satisfied.[17]

A.  Identical Issues

The claims decided by the State Court under Oregon law are identical to the claims under 523(a)(2)(A), (a)(4), and (a)(6) because the State Court Judgment establishes that all elements of each of those claims is satisfied.

---

[16]  ECF No. 24 at pp. 8-10.

[17]  There is no question that the final two requirements are met. Defendant was a party to the prior state court proceeding in which judgment was entered against him. See State Farm Fire & Cas. Co. v. Sallak, 914 P.2d 697, 700 (Or. App. 1996) ("A proceeding that concludes in a judicial judgment unquestionably satisfies the final requirement of issue preclusion.").

Page 7 – MEMORANDUM DECISION

i. Section 523(a)(2)(A) – Fraud

Section 523(a)(2)(A) excepts from discharge an individual debtor's debt "for money ... to the extent obtained by ... false pretenses, a false representation, or actual fraud." § 523(a)(2)(A). In order to prevail on a claim under § 523(a)(2)(A), a creditor must demonstrate five elements by a preponderance of the evidence: (1) the debtor made a representation, (2) at the time of the representation the debtor knew it was false, (3) the debtor made the representation with the intent and purpose of deceiving the creditor, (4) the creditor relied on the representation, and (5) the creditor sustained a loss and damage as the proximate result of the misrepresentations. Ghomeshi v. Sabban (In re Sabban), 600 F.3d 1219, 1222 (9th Cir. 2010).

The State Court ruled in favor of Plaintiff's actual fraud claim. "Actual fraud" under Oregon law is substantively identical to § 523(a)(2)(A). See Great Am. Ins. Co. v. Linderman, 116 F.Supp.3d 1183, 1192–93 (D. Or. 2015) (listing the elements of an Oregon common law fraud claim). Therefore, when the State Court entered judgment against Defendant for fraud under Oregon law, it necessarily determined that Defendant committed fraud under § 523(a)(2)(A). See In re Bond, 548 B.R. 570, 575-76 (Bankr. D. Or. 2016) (entering summary judgment in favor of judgment creditor because fraud money award is nondischargeable under 523(a)(2)(A))

ii. Section 523(a)(4) - Larceny

Section 523(a)(4) excepts from discharge debts for "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." § 523(a)(4). Larceny is the "felonious taking of another's personal property with intent to convert it or deprive the owner of the same." 4 Collier on Bankruptcy ¶ 523.10[2] (16th ed. rev. 2022). Furthermore, "[f]elonious is defined as 'proceeding from an evil heart or purpose; malicious; villainous . . . **wrongful**; (of an act) done without excuse of color of right.' " In re Ormsby, 591 F.3d 1199, 1205 n. 4 (9th Cir. 2010) (emphasis added) (citation omitted).

The State Court ruled in favor of Plaintiff's financial abuse of a vulnerable person claim. ORS 124.100 defines financial abuse as occurring "[w]hen a person wrongfully takes or appropriates money or property of a vulnerable person . . . ." OR. REV. STAT. § 124.110 (2024). Therefore, the State Court found Defendant committed a "felonious taking of another's personal property" by "wrongfully taking" the loan principal.[18] Additionally, the State Court ruled in favor of Plaintiff's conversion claim and found that Defendant intentionally converted the principal, interest, and collateral owed to Plaintiff, satisfying the remaining elements of larceny under § 523(a)(4).[19] Therefore, when the State Court entered judgment against Defendant for financial abuse of a vulnerable person and conversion, it necessarily determined that Defendant committed larceny within the meaning of § 523(a)(4). See In re Peltier, 643 B.R. 349, 363 (9th Cir. BAP 2022) (affirming summary judgment in favor of judgment creditor because money awarded for Oregon abuse of a vulnerable person claim is nondischargeable under 523(a)(4)).

          iii.     Section 523(a)(6) - Willful and Malicious Injury

Section 523(a)(6) excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." § 523(a)(6). "Both willfulness and maliciousness must be proven to block discharge under section 523(a)(6)." Ormsby, 591 F.3d at 1206. "Willfulness" requires proof that the debtor intended the consequences of the act, not simply the act itself. Carrillo v. Su (In re Su), 290 F.3d 1140, 1143 (9th Cir. 2002) (citing Kawaauhau v. Geiger, 523 U.S. 57, 62 (1998)). Additionally, the Ninth Circuit has interpreted "willfulness" to require that the debtor have acted with a subjective motive to inflict injury or with a belief that injury is substantially certain to result. Id. at 1146. "Maliciousness"

---

[18]     ECF No. 18, Ex. 2, at p. 6, ¶ 32.

[19]     ECF No. 18, Ex. 2, at p. 4, ¶¶ 19-22.

Page 9 – MEMORANDUM DECISION

requires the creditor prove that the debtor: (1) committed a wrongful act; (2) done intentionally; (3) which necessarily causes injury; and (4) was done without just cause or excuse. Id. at 1146–47.

The State Court ruled that Defendant committed conversion and financial abuse of a vulnerable person, thereby establishing the elements of willful and malicious injury within the meaning of § 523(a)(6). In ruling in favor of Plaintiff on the conversion claim, the State Court found that Defendant never intended to repay the loan and converted the property pledged as collateral for the loan.[20] Because "[t]he Debtor is charged with the knowledge of the natural consequences of his actions," Ormsby, 591 F.3d at 1206, the State Court necessarily found Defendant was substantially certain he would injure Plaintiff when he planned to neither repay the loan nor give access to the loan's collateral. Therefore, Defendant willfully injured Plaintiff. See In re Jercich, 238 F.3d 1202, 1208 (9th Cir. 2001) (finding willful injury under 523(a)(6) where Defendant "had the clear ability to pay [Plaintiff] . . . yet chose not to pay and instead used the money for his own personal benefit."). See also In re Thiara, 285 B.R. 420, 432 (9th Cir. BAP 2002) (focusing on debtor's state of mind and stating that a willful conversion may be established by "[p]roof of the debtor's knowledge that he or she is harming the secured creditor or the creditor's lien interest by converting the collateral.").

In ruling in favor of Plaintiff on the financial abuse of a vulnerable person and conversion claims, the State Court also found that Defendant inflicted a malicious injury. Defendant committed a "wrongful act" by "wrongfully taking" the loan principal.[21] The "wrongful taking" of Plaintiff's property was done

---

[20] ECF No. 18, Ex. 2, at p. 2, ¶ 8; p. 6, ¶ 33.

[21] ECF No. 18, Ex 2, at p. 6, ¶ 32.

Page 10 – MEMORANDUM DECISION

intentionally.[22]  The State Court found Defendant never intended to repay the loan, its interest, or give access to the collateral when he executed the loan, and this "necessarily caused injury" to Plaintiff. Additionally, the State Court found no just cause or excuse for Defendant's actions.  Therefore, the State Court necessarily determined that Defendant committed willful and malicious injury within the meaning of § 523(a)(6).  See In re McDaniel, Case No. 22-60627-tmr7, 2023 WL 6394379, at *6 (Bankr. D. Or. Sept. 29, 2023) (entering summary judgment in favor of judgment creditor because money awarded for Oregon abuse of a vulnerable person and conversion claims is nondischargeable under 523(a)(6)).

The court finds that the issues in this adversary proceeding are identical to those decided by the State Court in the prior proceeding and concludes the first requirement for issue preclusion is satisfied. The court will next address why the remaining disputed requirements are satisfied.

### B.  Actually Litigated

Defendant argues that the "actually litigated" requirement is not met because the State Court Judgment is, essentially, a default judgment.  An issue is "actually litigated" when a prior court's resolution of that issue is "apparent from the face of a judgment or order and demonstrates that a matter was actually determined."  Merrill v. A.R.G., 398 P.3d 954, 963 (Or. App. 2017).  Under Oregon law, an issue is "actually litigated" even if it is determined by a default judgment.  Gwynn v. Wilhelm, 226 Or. 606, 609 (1961).  See also In re Drennen, Case No. 23-30044-dwh7, 2023 WL 7449960, at *3 (Bankr. D. Or. Nov. 9, 2023) ("The 'actually litigated' requirement is satisfied even if the judgment in the prior action was entered by default without findings.").

---

[22]    ECF No. 18, Ex 2, at p. 4, ¶¶ 19-22

Page 11 – MEMORANDUM DECISION

The fact that Defendant's answer was stricken and a default entered against him does not negate the State Court Judgment's preclusive effect under Oregon law.  Moreover, the State Court Judgment explicitly determines, on its face, that Defendant is liable for fraud, conversion, and financial abuse of a vulnerable person.  Therefore, those issues were "actually litigated" in the State Court.

### C.  Full and Fair Opportunity

An Oregon state court judgment will preclude relitigation of an issue in bankruptcy court if the party sought to be precluded had a full and fair opportunity to be heard.  A party has had a "full and fair opportunity to be heard" if they were given "the opportunity to adduce evidence or make the necessary arguments to prevail on [their] claim in the prior proceeding."  Thomas v. U.S. Bank Nat. Ass'n, 260 P.3d 711, 721 (Or. App. 2011) (citing Barackman v. Anderson, 167 P.3d 994, 1000 n.3 (Or. App. 2007)).

Defendant had the opportunity to present evidence and argue his case in State Court.  He appeared and made oral arguments at hearings on the sanctions motions.[23]  Defendant's participation in these hearings shows he was aware that failure to comply with the State Court's Order to Compel Production would result in his answer being stricken and a default entered against him as sanctions.  Accordingly, Defendant had notice, the opportunity to appear at trial, and a full and fair opportunity to be heard on the issues decided by the State Court.

### D.  Fairness

Oregon law provides that a court must assess whether granting preclusive effect to a judgment would be unfair under the specific factual circumstances.  See State v. Manwiller, 435 P.3d 770, 775 (Or. App. 2018) ("[E]ven where all the requirements of issue preclusion are met, the court must also consider the

---

[23]    ECF No. 18, Ex. 7, 9.

Page 12 – MEMORANDUM DECISION

fairness under all the circumstances of precluding a party."). Defendant claims it is unfair to give preclusive effect to the State Court Judgment because (1) there was no trial on the merits, and (2) Plaintiff allegedly misrepresented facts in his state court complaint.[24] The court rejects both of Defendant's arguments.

First, although a court can consider numerous factors when assessing the fairness of granting preclusive effect to a default judgment,[25] the mere fact that the State Court Judgment was a default entry against Defendant for discovery violations does not warrant denying its preclusive effect. See In re Daily, 47 F.3d 365 (9th Cir.1995) (applying federal issue preclusion law to a default judgment entered against the defendant as sanctions for discovery violations). See also In re Smith, 362 B.R. 438, 442-43 (Bankr. D. Ariz. 2007) (giving preclusive effect to default judgment entered against a defendant who failed to comply with court ordered deadlines and "actively participated in the Oregon Litigation for at least a year"). Because Oregon law gives preclusive effect to default judgments, it is fair to give preclusive effect to the State Court Judgment even though there was no trial on the merits. Indeed, to do otherwise would require the court to ignore the requirements of Oregon law.

Second, any "misrepresentations" Defendant claims Plaintiff made to the State Court are likewise not grounds to deny giving the State Court Judgment preclusive effect. This court cannot revisit the judgment of the State Court and deny preclusive effect because Defendant "simply disagrees with the outcome and would like another chance to re-litigate the issues." In re Delannoy, 615 B.R. 572, 584 (9th

---

[24] ECF No. 23 at p. 8-10.

[25] Relevant factors include: "The inability to appeal the first judgment, changes in legal context, inequity, differences in the quality or extensiveness of procedures followed in (or in the jurisdiction of) the respective courts, differences in burdens of proof, and lack of an opportunity or incentive to have obtained a full and fair adjudication in the initial action." Christopher Klein, et al, Principles of Preclusion and Estoppel in Bankruptcy Cases, 79 Am. Bankr. L. J. 839, 855 (2005).

Page 13 – MEMORANDUM DECISION

Cir. BAP 2020), aff'd, 852 F. App'x 279 (9th Cir. 2021). This would be inconsistent with the policy of issue preclusion: "to ensure the finality of judgments and the efficient administration of justice." State Farm Fire & Cas. Co. v. Century Home Components, Inc., 550 P.2d 1185, 1189 (Or. 1976).

2. Nondischargeability of the Money Award

For the reasons stated above, the court determines that State Court Judgment must be given preclusive effect in this proceeding.

The State Court awarded $1,750,000 in damages for fraud, $1,750,000 for conversion, and $3,000,000 for financial abuse of a vulnerable person, entering a total Money Award of $3,000,000. There is no genuine issue of material fact, and Plaintiff is entitled to judgment as a matter of law, that the Money Award is a debt for fraud under § 523(a)(2)(A), larceny under § 523(a)(4), and willful and malicious injury under § 523(a)(6). Accordingly, the Money Award is excepted from discharge under § 523(a).

Lastly, Defendant's debts owed to Plaintiff for attorneys' fees, costs, disbursements, and pre- and post-judgment interest, are debts traceable to the fraud, conversion, and financial abuse of a vulnerable person claims and are therefore also nondischargeable under § 523(a)(2)(A), § 523(a)(4), and § 523(a)(6). Cohen v. de la Cruz, 523 U.S. 213, 223 (1998).

CONCLUSION

The court will grant Plaintiff's motion for summary judgment. Counsel for Plaintiff shall submit an order within 14 days of the date of entry of this Memorandum Decision.

###